**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Shane Douglas HOSKINS,
Defendant–Appellant.**

**No. 16–30289**

United States Court of Appeals,
Ninth Circuit.

Submitted September 26, 2017 *

OCTOBER 2, 2017

Joseph E. Thaggard, Assistant U.S., Tara Elliott, Timothy John Racicot, Assistant U.S., USMI–Office of the U.S. Attorney, Missoula, MT, Leif Johnson, Assistant U.S., Office of the US Attorney, Billings, MT, for Plaintiff–Appellee.

Shane Douglas Hoskins, Greenville, IL, pro se.

Before: SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Shane Douglas Hoskins appeals pro se from the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Hoskins contends that he is entitled to a sentence reduction under Amendment 782 to the Sentencing Guidelines. We review de novo whether a district court had authority to modify a sentence under section 3582(c)(2). *See United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009). Contrary to Hoskins's argument, his guidelines range remained life even under Amendment 782. Thus, his sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), and the district court correctly concluded that he was ineligible for a sentence reduction. *See Leniear*, 574 F.3d at 673; *see also United States v. Ornelas*, 825 F.3d 548, 552–53 (9th Cir. 2016) (defendant's applicable guideline range is determined without consideration of any departure or variance). Hoskins's argument that the court nevertheless had discretion to grant a sentence reduction under 18 U.S.C. § 3553(a) is without merit. *See Dillon v. United States*, 560 U.S. 817, 825–30, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.